UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALTER ROSS,

        Plaintiff,

v.                                                  Case No.:  2:20-cv-586-FtM-38NPM

STATE OF FLORIDA, LEE
COUNTY, FLORIDA and ERIN
CASEY,

        Defendants.
_____/

## OPINION AND ORDER[1]

Plaintiff, a state prisoner, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Because Plaintiff is a prisoner and seeks to proceed *in forma pauperis* on the Complaint (Doc. 2), the Court must review the pleading under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Either provision lets the Court dismiss a complaint sua sponte if it finds the pleading to be frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.

A complaint may be dismissed as frivolous under § 1915 where it lacks an arguable basis in law or fact. See *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous as a matter of law where the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327. In addition, where an affirmative

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

defense would defeat a claim, it may be dismissed as frivolous. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" is governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Wilkerson v. H & S, Inc.* 366 F. App'x 49, 51 (11th Cir. 2010). Under that standard, a complaint need not provide detailed factual allegations. But there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Courts also view a complaint's factual allegations as true. *Brown v. Johnson*, 387 F.3d 1344, 47 (11th Cir. 2004).

Pertinent here, courts liberally read a *pro se* litigant's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972). But in doing so, they need not rewrite a deficient pleading. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). What is more, a *pro se* litigant is usually allowed to amend the pleading—unless an amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Against this backdrop, the Court turns to Plaintiff's § 1983 claim.

To state a claim under § 1983, a plaintiff must allege (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citations omitted). A plaintiff must also allege and establish a causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

According to the Complaint, Defendant Erin Casey was Plaintiff's public defender in underlying Florida criminal cases. The Complaint accuses Casey of incompetence or failing to defend Plaintiff vigorously. For instance, Casey allegedly did not move to suppress a coerced statement that Plaintiff made to detectives. (Doc. 1 at 6). Plaintiff thus generally asserts Casey's failure to perform her duties effectively violated his Fifth and Fourteenth Amendment rights. As relief, Plaintiff seeks $2 million.

Even if Casey performed deficiently, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *Hall v. Tallie*, 597 F. App'x 1042, 1044 (11th Cir. 2015); *Grinder v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2007). Because Casey is not a state actor, the Complaint fails to state a viable § 1983 claim and may be dismissed against her. If Plaintiff contends that Casey's performance was constitutionally deficient and that deficiency prejudiced his defense, then he must petition for writ of habeas corpus under 28 U.S.C. § 2254.

Turning to the other Defendants. The Complaint lacks any direct claims against Defendants Lee County or the State of Florida. Plaintiff appears to attribute liability to the government entities because they employed Casey. *See* Doc. 1 at 6 (stating Casey "is a public official in Lee County and employed by the State of Florida"). But § 1983 claims may not turn on respondeat superior or vicarious liability. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Nor can any action lie against the State of Florida because the Eleventh Amendment bars a private citizen's suit for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *McClendon v. Ga. Dep't of Comm. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001).

In conclusion, the Court dismisses the Complaint as frivolous and failure to state a claim. The Court need not provide Plaintiff leave to amend because any amendment would be futile. As stated, Plaintiff's relief for Casey's allegedly deficient performance is through a habeas corpus petition—not a civil rights action. And Plaintiff cannot hold the State of Florida or Lee County liable for Casey's allegedly deficient performance as his defense lawyer.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Civil Rights Complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk is **DIRECTED** to provide Plaintiff with the Court's § 2254 habeas corpus form, deny any pending motions as moot, enter judgment and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of August 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record